## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **VIRGINIE GEORGE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ALLISON INDUSTRIAL SERVICES,** )<br>)<br>**Defendant.** )<br>_____ ) | **Civil Action No. 2020-0107** |

**Attorneys:**
**K. Glenda Cameron, Esq.,**
St. Croix, U.S.V.I.
 *For Plaintiff*

**Charles Edward Lockwood, Esq.,**
**Gregg R. Kronenberger, Esq.,**
St. Croix, U.S.V.I.
 *For Defendant*

### MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant Allison Industrial Services' "Motion to Dismiss for Contempt or in the Alternative for the Plaintiff's Failure to Prosecute" ("Motion to Dismiss") (Dkt. No. 25), and the Court's Order to Show Cause entered on September 6, 2022 directing Plaintiff Virginie George to show cause why this matter should not be dismissed for failure to prosecute (Dkt. No. 28). For the reasons discussed below, the Court will grant in part and deny in part Defendant's Motion to Dismiss. The Court will dismiss Plaintiff's claims with prejudice for failure to prosecute, but will deny Defendant's request for attorneys' fees and costs without prejudice.

## I.   BACKGROUND

On November 17, 2020, Plaintiff filed his Complaint alleging race discrimination in violation of federal and territorial law, wrongful discharge in violation of territorial law, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress, based on circumstances stemming from his employment at Defendant Allison Industrial Services. (Dkt. No. 1 at ¶¶ 43-57).

On April 6, 2021, Defendant filed a "Motion to Compel Arbitration and Stay Proceedings" ("Motion to Compel Arbitration") (Dkt. No 12). Plaintiff responded on April 16, 2021, agreeing to submit his claims to arbitration. (Dkt. No. 17 at 2) (stating Plaintiff's "willingness to arbitrate"). On April 27, 2021, Magistrate Judge George W. Cannon, Jr. granted Defendant's Motion to Compel Arbitration and ordered Plaintiff to submit his claims to arbitration by June 26, 2021. (Dkt. No. 18).

On October 25, 2021, Defendant filed a status report in which it informed Magistrate Judge Cannon that Plaintiff had not submitted his claims to arbitration. (Dkt. No. 19). On October 26, 2021, Magistrate Judge Cannon ordered Plaintiff to show cause—by written response no later than November 2, 2021—as to why Plaintiff and/or his counsel should not be held in contempt of Magistrate Judge Cannon's April 27, 2021 Order requiring Plaintiff to submit his claims to arbitration. (Dkt. No. 20). The same Order provided that "[i]n lieu of filing a response to this Order to Show Cause, Plaintiff may file a notice of voluntary dismissal of the above captioned matter [by November 2, 2021]." *Id*. at 2. The deadline for Plaintiff to show cause or voluntarily dismiss the case passed without Plaintiff doing either.

Magistrate Judge Cannon then issued another Order to Show Cause on November 3, 2021, in which he ordered Plaintiff to show cause as to why Plaintiff and/or his counsel should not be held in contempt of Magistrate Judge Cannon's April 27, 2021 and October 26, 2021 Orders. (Dkt.

No. 21). Plaintiff then submitted a written Response to Magistrate Judge Cannon's November 3, 2021 Order, in which Plaintiff's counsel explained that she had a limited scope agreement with Plaintiff that did not include representation in arbitration; that Plaintiff was in the process of seeking new counsel; and that Plaintiff had departed St. Croix for Texas. (Dkt. No. 22 at 2-4). A show cause hearing was held on November 10, 2021, during which Magistrate Judge Cannon discharged the Orders to Show Cause. (Dkt. No. 24).

On November 29, 2021, Defendant filed the instant Motion to Dismiss. (Dkt. No. 25). In its Motion to Dismiss, Defendant requests that the Court hold Plaintiff in contempt of Magistrate Judge Cannon's April 27, 2021 Order directing Plaintiff to submit his claims to arbitration by June 26, 2021, and argues that dismissal of Plaintiff's claims is an appropriate sanction. *Id.* at 3-5 (citing Fed. R. Civ. P. 16(f)). In the alternative, Defendant requests that the Court dismiss Plaintiff's claims with prejudice for failure to prosecute. *Id.* at 6-11. Defendant also requests that the Court award it "costs, expenses and attorney's fees." *Id.* at 25.

The initial deadline for Plaintiff to respond to Defendant's Motion to Dismiss was December 13, 2021. LRCi 6.1(b)(5). That deadline passed without Plaintiff submitting a response or requesting an extension of time to do so. Defendant then filed a "Notice of Plaintiff's Failure to Comply with the Court's Order" ("Notice of Noncompliance") on August 26, 2022. (Dkt. No. 27). In its Notice of Noncompliance, Defendant requested that "the Court take notice of [] Plaintiff's repeated failure to respond and/or comply with this Court's Orders and accordingly grant Defendant's pending, unopposed Motion to Dismiss for Contempt or in the Alternative for the Plaintiff's [F]ailure to Prosecute." *Id.* at 3. On September 6, 2022, the Court ordered Plaintiff to show cause as to why this matter should not be dismissed for failure to prosecute by no later than September 13, 2022. (Dkt. No. 28). Defendant then filed a "Second Notice of Plaintiff's Failure to Comply with this Court's Orders" ("Second Notice of Noncompliance") on September 30, 2022.

3

(Dkt. No. 29). In its Second Notice of Noncompliance, Defendant requested that "the Court dismiss the Plaintiff's Complaint [] with prejudice and grant [Defendant] its costs, expenses and attorney's fees against the Plaintiff." *Id.* at 2.

To date, Plaintiff has not filed his Response to Defendant's Motion to Dismiss, which has now been pending for ten months. Nor has Plaintiff responded to the Court's September 6, 2022 Order to Show Cause. Further, Plaintiff has not submitted his claims to arbitration at any time during the seventeen months that have elapsed since Magistrate Judge Cannon ordered Plaintiff to do so on April 27, 2021—a directive that is now over fifteen months past the deadline.

## II. APPLICABLE LEGAL PRINCIPLES

Federal Rule of Civil Procedure 41(b) provides that a court may involuntarily dismiss an action based on a plaintiff's failure to prosecute or to comply with a court order.[1] Courts "have authority to dismiss an action for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure where a party has unduly delayed in proceeding to arbitration in violation of a court order." *Windward Agency, Inc. v. Cologne Life Reinsurance Co.*, 353 F. Supp. 2d 538, 543 (E.D. Pa. 2003), *aff'd,* 123 F. App'x 481 (3d Cir. 2005).

Generally, before a court may dismiss a case for failure to prosecute, it must first consider the factors that the Third Circuit has set forth in *Poulis v. State Farm Fire and Casualty Company.* 747 F.2d 863, 868-69 (3d Cir. 1984); *see Nieves v. Thorne*, 790 Fed. App'x 355, 357 (3d Cir. 2019). Those factors are: "(1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to

---

[1] Dismissal under Rule 41(b) is typically preceded by a motion from a defendant. However, the Third Circuit has recognized that a district court has the authority to dismiss a case *sua sponte*, provided that the plaintiff is provided with an opportunity prior to dismissal to explain his reasons for failing to prosecute the case or to comply with a court order. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). Here, Defendant has filed a Motion to Dismiss for failure to prosecute (*see* Dkt. No. 25), *and* the Court has also provided Plaintiff an opportunity to explain his reasons for failing to prosecute the case (*see* Dkt. No. 28).

the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense." *Briscoe*, 538 F.3d at 258 (emphasis in original) (internal quotation marks omitted) (quoting *Poulis*, 747 F.2d at 868). No one factor is dispositive in the balancing analysis. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013); *DDRA Capital, Inc. v. KPMG, LLP*, No. 04-CV-00158, 2018 WL 813430, at *2 (D.V.I. Feb. 9, 2018) (citing *Briscoe*, 538 F.3d at 263). District courts are required "to consider these factors because dismissal with prejudice is, undeniably, a drastic sanction." *In re Asbestos Prods.*, 718 F.3d at 246. However, there is no requirement that "all *Poulis* factors must weigh in favor of dismissal in order for dismissal to be warranted." *Hunter v. Keller*, 239 F. App'x 771, 772 (3d Cir. 2007) (citing *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir.1988)). Ultimately, it is within the district court's discretion to invoke dismissal pursuant to Rule 41(b). *Honore v. United States Dep't of Agric.*, No. 16-CV-00055, 2020 WL 1963939, at *2 (D.V.I. April 22, 2020).

### III. DISCUSSION

#### A. The *Poulis* Factors

With respect to the first *Poulis* factor—the extent of a plaintiff's personal responsibility—courts look to whether the plaintiff himself, as distinct from his counsel, is personally responsible for failing to advance his case. *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994).

Here, Plaintiff is represented by counsel, and Plaintiff's counsel has missed multiple deadlines, not only to respond to Defendant's Motion to Dismiss, but also to Orders to Show Cause entered by Magistrate Judge Cannon and this Court. Plaintiff himself appears to bear primary

responsibility for his counsel's inability to meet deadlines and comply with Magistrate Judge Cannon's April 27, 2021 Order directing Plaintiff to submit his claims to arbitration. As Plaintiff's counsel explained in response to Magistrate Judge Cannon's November 3, 2021 Order to Show Cause, Plaintiff "had a limited scope agreement with [] counsel which did not include representation in the arbitration of this matter." (Dkt. No. 22 at 2).[2] "As such[,] Plaintiff was to make a decision on pursuing this matter in arbitration and was seeking to obtain counsel to represent him [in arbitration]." *Id.* Further, Plaintiff's failure to advance his case appears to be partially due to the fact that Plaintiff departed St. Croix during the pendency of this lawsuit and has communicated only ineffectively and sporadically with his counsel concerning his efforts to obtain new counsel. *Id.* at 2-4; *see also* Dkt. No. 24 at 11:16-11:17 a.m. Accordingly, the Court finds that the first *Poulis* factor weighs in favor of dismissal.

The Court next considers the second *Poulis* factor—prejudice to the adversary. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witness' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 875 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). As to whether burdens or costs were imposed on the adversary, courts look at the "extra costs of repeated delays and filing of motions necessitated by the improper behavior on the part of plaintiffs." *Mendez v. Puerto Rican Int'l Companies, Inc.*, 05-CV-00174, 2013 WL 5460438, at *5 (D.V.I. Sept. 27, 2013) (quoting *Andrews v. Gov't of Virgin Islands*, 132 F.R.D. 405, 412 (D.V.I. 1990), *aff'd*, 935 F.2d 1280 (3d Cir. 1991)) (internal quotation marks omitted).

Defendant argues that it has suffered prejudice because it has had to "wait in-limbo for the

---

[2] Notwithstanding that Plaintiff's counsel phrased her representation of Plaintiff in the past tense in her response to Magistrate Judge Cannon's Order to Show Cause, Magistrate Judge Cannon clarified during the November 10, 2021 show cause hearing that Plaintiff's counsel remained counsel of record in this case. (Dkt. No. 24). Plaintiff's counsel has not submitted a motion to withdraw, and therefore remains counsel of record.

Plaintiff [to] file for arbitration or dismiss this matter, appear at hearings and file documents unnecessarily, and ultimately bring this Motion." (Dkt. No. 25 at 7). The Court agrees that Defendant has been prejudiced by having to incur extra fees and costs in connection with the litigation of this matter as a result of Plaintiff's failure to comply with the Court's Orders. In addition, Plaintiff's actions have caused this case to be delayed for nearly seventeen months. Courts have noted that sheer delay can prejudice a defendant. *See Beaver Res. Corp. v. Brawand*, 618 Fed. App'x 736, 739 (3d Cir. 2013) ("[The plaintiff's] delays prolonged this case nearly three years. As a result, it is likely that [the defendant's] litigation costs were increased, and witnesses whose testimony at trial would have been valuable are now deceased."); *Chiang v. Vilsack*, No. 13-CV-00082, 2018 WL 4658675, at *2 (D.V.I. Sept. 27, 2018) ("[T]he Court concludes that this factor weighs somewhat in favor of dismissal because the sheer length of the delay in this case suggests prejudice to Defendants."); *Mendez*, 2013 WL 5460438, at *5 ("Excessive delay may create a presumption of prejudice.").

In addition to the extra costs incurred, the delay here has been palpable. Plaintiff failed to timely submit his claims to arbitration and has not done so to date, over fifteen months after the June 26, 2021 deadline that Magistrate Judge Cannon set for Plaintiff to submit his claims to arbitration. (Dkt. No. 18). Further, Plaintiff failed to timely respond to Defendant's Motion to Dismiss and has not done so to date—ten months since the Motion to Dismiss was filed. (Dkt. No. 25). Accordingly, the Court finds that, under these circumstances, the second *Poulis* factor weighs in favor of dismissal.

The third *Poulis* factor requires the Court to consider whether there has been a history of dilatoriness on Plaintiff's part. "The conduct for which dismissal is sought 'must be evaluated in light of [a party's] behavior over the life of the case.'" *DDRA Capital*, 2018 WL 813430, at *3 (quoting *Adams*, 29 F.3d at 875). "Extensive or repeated delay or delinquency constitutes a history

7

of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Briscoe*, 538 F.3d at 260 (internal quotation marks omitted) (quoting *Adams,* 29 F.3d at 874); *see also Poulis,* 747 F.2d at 868 ("Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history by counsel of ignoring these time limits is intolerable.")

Here, Plaintiff has demonstrated a remarkable history of dilatoriness and noncompliance with Court Orders and Rules over the course of the case. First, Plaintiff failed to timely serve his Summons within 120 days of filing his complaint. He did not serve Defendant until after Magistrate Judge Cannon issued an Order to Show Cause as to why Defendant had not been served. (Dkt. No. 6). Second, Plaintiff failed to timely respond to Defendant's Motion to Compel Arbitration, and responded only after Magistrate Judge Cannon extended the deadline for him to do so *sua sponte* (Dkt. Nos. 12, 16). Third, Plaintiff failed to timely submit his claims to arbitration. He has not done so to date, and fifteen months have elapsed since the June 26, 2021 deadline to do so. (Dkt. No. 18). Fourth, Plaintiff failed to timely respond to Magistrate Judge Cannon's October 26, 2021 Order to Show Cause, necessitating that Magistrate Judge Cannon issue yet another Order to Show Cause on November 3, 2021. (Dkt. Nos. 20, 21). Fifth, Plaintiff failed to timely respond to Defendant's Motion to Dismiss. He has not responded to date, and ten months have elapsed since Defendant filed the motion. (Dkt. No. 25). Sixth, Plaintiff failed to timely respond to the Court's September 6, 2022 Order to Show Cause as to why this matter should not be dismissed for failure to prosecute, and he has not responded to date. (Dkt. No. 28). Accordingly, the Court finds that the third *Poulis* factor weighs in favor of dismissal.

Under the fourth *Poulis* factor, the Court "must consider whether the conduct was 'the type of willful or contumacious behavior which was characterized as flagrant bad faith.'" *Briscoe*, 538

F.3d at 262 (quoting *Adams,* 29 F.3d at 875). "Generally, '[w]illfulness involves intentional or self-serving behavior.'" *Id.* (quoting *Adams,* 29 F.3d at 875); *see also Hudson v. Coxon*, 149 Fed. App'x 118, 120 (3d Cir. 2005) ("Willful is not synonymous with intentional. Rather, conduct is willful if it exhibits signs of strategic or self-serving behavior."). "Merely negligent or inadvertent behavior does not rise to the level of willful or bad faith conduct." *Sanford v. Bracewell LLP*, No. 13-CV-01205, 2017 WL 2797869, at *10 (E.D. Pa. June 27, 2017).

Here, Plaintiff has failed to respond to Defendants' Motion to Dismiss for ten months, and has failed to submit his claims to arbitration at any point in the seventeen months that have elapsed since Magistrate Judge Cannon ordered him to do so. Additionally, Plaintiff has failed to respond to the Court's Order to Show Cause as to why this matter should not be dismissed for failure to prosecute. (Dkt. No. 27). Given that Plaintiff is clearly aware of his filing obligations—as evidenced by the fact that Plaintiff has filed multiple requests for extensions of time—the Court can only conclude that Plaintiff has willfully *chosen* not to respond. *See Chiang*, 2018 WL 4658675, at *2 ("The record establishes that Plaintiffs were aware of Defendants' Motion to Dismiss and of their obligation to timely respond to the Motion, as they twice sought extensions of time to file their response. Nonetheless, Plaintiffs neglected their obligation—seemingly willfully—and have yet to file a response approximately four-and-one-half years later."); *Sanford*, 2017 WL 2797869, at *10 ("When the plaintiff has failed to comply with instructions of the court directing the plaintiff to take specific actions in this case, the court is compelled to conclude that the plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for th[e] case and the court's instructions." (internal citations and quotation marks omitted)); *Hayes v. Nestor*, No. 09-CV-06092, 2013 WL 5176703, at *5 (D.N.J. Sept. 12, 2013) ("[A] consistent failure to obey orders of the court, at the very least, renders a party's actions willful for the purposes

9

of the fourth *Poulis* factor." (internal citations and quotation marks omitted)). Accordingly, the Court finds that the fourth *Poulis* factor weighs in favor of dismissal.

With respect to the fifth *Poulis* factor—the effectiveness of alternative sanctions—"[a] District Court must consider the availability of sanctions alternative to dismissal." *Briscoe*, 538 F.3d at 262. The Third Circuit has identified a number of alternative sanctions available to a court, including "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees . . . [or] the preclusion of claims or defenses." *Titus v. Mercedes-Benz of N. Am.,* 695 F.2d 746, 759 n.6 (3d Cir. 1982) (citing *Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 712 n.1 (1st Cir. 1977)).

Notwithstanding the absence of a response to Defendants' Motion to Dismiss for ten months, the absence of a response to the Court's Order to Show Cause, and the substantial leniency afforded to Plaintiff by the Court, Plaintiff still has not submitted his claims to arbitration or filed a response to Defendant's Motion to Dismiss. The Court has no reason to believe that alternative sanctions would change Plaintiff's pattern of dilatory behavior. Thus, the Court sees no viable alternatives to dismissal under the circumstances. *See Parks v. Ingersoll-Rand Co.*, 380 Fed. App'x 190, 195 (3d Cir. 2010) ("[The plaintiff's] counsel had already failed to respond to a court order threatening sanctions. In this case, there existed no effective alternatives to dismissal that would have allowed the District Court to manage this case and its docket."); *Chiang*, 2018 WL 4658675, at *3 (finding fifth *Poulis* factor weighed in favor of dismissal where Plaintiff failed to respond to a motion to dismiss for two-and-one-half years and then failed to respond to court's order to show cause); *Allahar v. Clinical Lab., Inc.*, No. 11-CV-00001, 2016 WL 237102, at *6 (D.V.I. Jan. 20, 2016). ("[The plaintiff] was aware that her failure to comply could result in dismissal of her action. She has remained completely unresponsive to that and other Court Orders. Under these circumstances, the Court has no reason to believe that 'keeping the case open while applying

alternative sanctions' would prompt [the plaintiff] to proceed with the case." (quoting *Parks*, 380 Fed. App'x at 195)). Accordingly, the Court finds that the fifth *Poulis* factor weighs in favor of dismissal.

The sixth and final *Poulis* factor is the meritoriousness of Plaintiffs' claims. Under *Poulis*, a district court assesses the merits of a claim under the same standard as a Rule 12(b)(6) motion to dismiss. *Briscoe*, 538 F.3d at 263; *see Poulis*, 747 F.2d at 869-70 ("A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense.").

Defendant argues in its Motion to Dismiss that Plaintiff's wrongful discharge claim is without merit because, as an executive employee, he is not covered by the Virgin Islands Wrongful Discharge Act. (Dkt. No. 25 at 11). Defendant also argues that the Plaintiff's race discrimination and breach of the covenant of good faith and fair dealing claims are meritless because "he was actually treated quite well during his employment . . . and [was] promoted several times." *Id.* Finally, Defendant argues that Plaintiff fails to allege any conduct by [Defendant] which is sufficiently outrageous to substantiate" his claim for intentional infliction of emotional distress. *Id.*

Plaintiff's failure to respond to Defendants' Motion to Dismiss leaves the Court without the benefit of Plaintiff's position on the defenses asserted, thus stymying the Court's ability to properly assess this factor. Thus, the Court finds that this factor is neutral and does not weigh in favor or against dismissal. *See Chiang*, 2018 WL 4658675, at *2 (declining to weigh the sixth *Poulis* factor where plaintiff failed to respond to defendants' motion to dismiss); *Tutein v. Insite Towers, LLC*, No. 12-CV-00071, 2016 WL 373952, at *5 (D.V.I. Jan. 29, 2016) ("In view of the arguments made in Defendant's previously filed Motion to Dismiss . . . the Court will not prematurely opine on the merits of Plaintiffs' claims. Because the Third Circuit has 'never held

11

that *Poulis*' sixth factor is determinative,' the Court finds that this factor is neutral." (quoting *Hudson*, 149 F. App'x at 120 n.2)).

In sum, the Court finds that five of the six *Poulis* factors weigh in favor of dismissal and that dismissal is therefore warranted.

### B. Dismissal With Prejudice

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "Unless otherwise stated, dismissals under Rule 41(b) are with prejudice." *Matta v. Gov't of Virgin Islands*, No. 11-CV-00091, 2016 WL 122954, at *1 (D.V.I. Jan. 8, 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001); *see also Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610-11 (3d Cir. 2020) ("For *voluntary* dismissals [under Rule 41(a)], the default rule is that a plaintiff's first dismissal is without prejudice . . . For *involuntary* dismissals, the default rule is the opposite. Unless the dismissal order states otherwise, it operates as an adjudication on the merits and so . . . involuntary dismissals are presumptively with prejudice." (emphasis in original) (internal quotations and citation omitted)).

Here, Plaintiff expressly agreed to submit his claims to arbitration, Magistrate Judge Cannon ordered Plaintiff to submit his claims to arbitration on April 27, 2021, and Plaintiff has failed to submit his claims to arbitration in the seventeen months that have elapsed since that Order. Further, five of the six *Poulis* factors weigh in favor of dismissal, and one factor is neutral. The Court finds that there can be no question that dismissal with prejudice is warranted under these circumstances. *See, e.g., R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, No. 19-CV-01201, 2021 WL 3682712, at *2 (W.D. Pa. Aug. 19, 2021) (dismissing case with prejudice for failure to prosecute where plaintiff failed to initiate arbitration proceedings seventeen months after court ordered the plaintiff to submit its claims and four of the *Poulis* factors weighed in favor of

dismissal), *aff'd sub nom.*, 45 F.4th 655 (3d Cir. 2022); *Windward Agency*, 353 F. Supp. at 540-41 (dismissing case with prejudice for failure to prosecute where plaintiff failed to initiate arbitration proceedings six years after court ordered the plaintiff to submit his claims to arbitration and five or six of the *Poulis* factors weighed in favor of dismissal); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (dismissing case with prejudice for failure to prosecute where party refused to comply with an order compelling arbitration because "[o]nce a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action" (quoting *GCIU Emp. Ret. Fund v. Chicago Trib. Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993))); *see also Allahar*, 2016 WL 237102, at *6 (dismissing case with prejudice where "the Court [] found that all but one of the *Poulis* factors weigh in favor of dismissal, and the remaining factor is neutral"); *Chiang*, 2018 WL 4658675, at *3 (dismissing case with prejudice where only one *Poulis* factor weighed against dismissal).

### C. Attorney's Fees and Costs

"[A] party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." *Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990). "To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see also Washington v. Philadelphia Cnty. Ct. of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996) ("Attorneys seeking compensation must document the hours for which payment is sought 'with sufficient specificity.'" (quoting *Keenan v. City of Philadelphia*, 983 F.2d 459, 472 (3d Cir. 1992))). Here, Defendant has not specified the amount of attorney's fees and costs that it is requesting, briefed its entitlement to attorneys' fees and costs, or submitted any documentation to corroborate its request. Accordingly, the Court will deny Defendant's request for attorneys' fees and costs without prejudice and require Defendant to file any request for attorneys' fees and costs by no later than October 14, 2022. *See*

Fed. R. Civ. P. 54(d)(2)(B)(i).

## IV. CONCLUSION

In sum, the Court finds that five of the six *Poulis* factors weigh in favor of dismissal with prejudice in light of Plaintiff's failure to respond to Defendant's Motion to Dismiss for ten months, failure to submit his claims to arbitration for over seventeen months, failure to respond to the Court's Order to Show Cause, and failure to otherwise take steps to advance his case. Accordingly, Plaintiff's claims against Defendant will be dismissed with prejudice for failure to prosecute.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 30, 2022 _____/s/_____
WILMA A. LEWIS
District Judge