DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| VIRGINIE GEORGE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALLISON INDUSTRIAL SERVICES, )<br>)<br>Defendant. )<br>)<br>_____) | Civil Action No. 2020-0107 |

**Attorneys:**
**K. Glenda Cameron, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Charles Edward Lockwood, Esq.**
**Gregg R. Kronenberger, Esq.**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant Allison Industrial Services' "Motion for Costs and Attorney's Fees" ("Motion") (Dkt. No. 32); the Court's December 1, 2022 Order (Dkt. No. 33), wherein the Court extended, *sua sponte*, Plaintiff's deadline to respond to Defendant's Motion and advised Plaintiff that the Court would rule on Defendant's Motion without Plaintiff's Response if he failed to respond by the extended deadline; and Defendant's "Notice of Plaintiff's Failure to File an Opposition" (Dkt. No. 34). For the reasons discussed below, the Court will grant in part and deny in part Defendant's Motion, and will award Defendant $4,820 in attorneys' fees pursuant to Title 5 V.I.C. § 541.

## I.   BACKGROUND

Prior to filing the instant Complaint, Plaintiff filed a "discrimination charge" with the Virgin Islands Department of Labor and the United States Equal Employment Opportunity Commission ("EEOC"). (Dkt. No. 1 at ¶¶ 10-13). Then, on November 17, 2020, Plaintiff filed this action alleging claims stemming from his employment with Defendant Allison Industrial Services. Plaintiff brings two federal claims—one for "racial discriminatory acts" in violation of 42 U.S.C. § 2000e and one for "discriminatory and harassing acts" in violation of 42 U.S.C. § 1981—and four territorial law claims, alleging race discrimination, wrongful discharge, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress. *Id*. at ¶¶ 43-60.

On November 29, 2021, Defendant filed a "Motion to Dismiss for Contempt or in the Alternative for the Plaintiff's Failure to Prosecute" ("Motion to Dismiss") (Dkt. No. 25). On September 30, 2022, the Court granted in part Defendant's Motion to Dismiss, dismissing Plaintiff's Complaint with prejudice for failure to prosecute. (Dkt. No. 30). In so doing, the Court observed:

> Plaintiff has demonstrated a remarkable history of dilatoriness and noncompliance with Court Orders and Rules over the course of the case. First, Plaintiff failed to timely serve his Summons within 120 days of filing his complaint. He did not serve Defendant until after Magistrate Judge Cannon issued an Order to Show Cause as to why Defendant had not been served. (Dkt. No. 6). Second, Plaintiff failed to timely respond to Defendant's Motion to Compel Arbitration, and responded only after Magistrate Judge Cannon extended the deadline for him to do so *sua sponte* (Dkt. Nos. 12, 16). Third, Plaintiff failed to timely submit his claims to arbitration. He has not done so to date, and fifteen months have elapsed since the June 26, 2021 deadline to do so. (Dkt. No. 18). Fourth, Plaintiff failed to timely respond to Magistrate Judge Cannon's October 26, 2021 Order to Show Cause, necessitating that Magistrate Judge Cannon issue yet another Order to Show Cause on November 3, 2021. (Dkt. Nos. 20, 21). Fifth, Plaintiff failed to timely respond to Defendant's Motion to Dismiss. He has not responded to date, and ten months have elapsed since Defendant filed the motion. (Dkt. No. 25). Sixth, Plaintiff failed to timely respond to the Court's September 6, 2022 Order to Show Cause as to why this matter should not be dismissed for failure to prosecute, and he has not responded to date. (Dkt. No. 28).

(Dkt. No. 31 at 8). At that time, however, the Court denied without prejudice Defendant's request for attorneys' fees contained within its Motion to Dismiss, finding that Defendant "ha[d] not

specified the amount of attorney[s'] fees and costs that it is requesting, briefed its entitlement to attorneys' fees and costs, or submitted any documentation to corroborate its request." *Id.* at 13.

On October 14, 2022, Defendant filed the instant "Motion for Costs and Attorney's Fees" pursuant to 5 V.I.C. § 541. Plaintiff did not file a response to Defendant's Motion. The Court then issued an Order (Dkt. No. 33), *sua sponte*, granting Plaintiff an extension of time to respond to Defendant's Motion, but warning Plaintiff that the Court would decide Defendant's Motion without Plaintiff's response if Plaintiff failed to respond by the extended deadline. Plaintiff failed to respond by the extended deadline and, on April 19, 2023, Defendant filed a "Notice of Plaintiff's Failure to File an Opposition" (Dkt. No. 34). To date—over one year after Defendant filed its Motion—Plaintiff has neither filed a response to Defendant's Motion nor requested additional time to do so.

Defendant seeks $23,466 in "costs and expenses."[1] (Dkt. No. 32 at 2). With the Motion, Defendant's counsel filed a "Declaration for Costs and Attorney's Fees" ("Lockwood Declaration" or "Declaration") and a "Matter Ledger Report" of Dudley Newman Feuerzeig LLP. The Lockwood Declaration states that Dudley Newman Feuerzeig LLP was retained in this matter at a rate of $450 per hour. (Dkt. No. 32-2 at 2). The Declaration does not state the total number of hours for which Defendant seeks attorneys' fees nor does the Declaration provide the total number of hours by timekeeper. Instead, the Lockwood Declaration asserts that the "time expended by this law firm on this case from November 2019 to present total[s] $21,666.00" and leaves it to the Court to add the individual day-to-day entries of each timekeeper. *Id.* In addition, the Declaration estimates that four additional hours of work will be required for a total of "$23,466.00." *Id.* The Lockwood Declaration lists the qualifications of Attorney Lockwood, but does not otherwise state the roles, positions, or experience of Gregg R. Kronenberger, who billed at $400 per hour, and

---

[1] Defendant does not appear to seek any costs or expenses other than attorneys' fees.

3

JoAnn G. Brumant, who billed at $160 per hour—both of whom are listed in the Matter Ledger Report. *Compare* (Dkt. No. 32-2 at 2) and (Dkt. No. 32-1).

## II. APPLICABLE LEGAL PRINCIPLES

"Title 5, Section 541 of the Virgin Islands Code provides that attorney's fees may be awarded to a prevailing party at the conclusion of litigation*." Richardson v. V.I. Port Auth*., 2013 U.S. Dist. LEXIS 56580, at *4 (D.V.I. Apr. 16, 2013). A prevailing party includes a party that "is successful on a motion to dismiss for a lack of prosecution." *Allahar v. Clinical Lab., Inc*., 2022 U.S. Dist. LEXIS 232487, at *15 (D.V.I. Oct. 14, 2022).  However, "section 541 does not permit a district court to award the prevailing party all of its attorneys' fees where the case includes both territorial and federal causes of action." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 312 (3d Cir. 2014). Accordingly, "[i]n awarding fees to a prevailing party under section 541 . . . the court must subtract fees and costs associated with federal claims." *Id.* at 312 (citing *Figueroa v. Buccaneer Hotel Inc.,* 188 F.3d 172, 183 (3d Cir. 1999). Where a prevailing party fails to or cannot separate time spent on federal claims from time spent on territorial claims, the Court should "attempt[] to apportion the fees incurred defending the territorial and federal claims." *Id.* at 313; *see also Allahar*, 2022 U.S. Dist. LEXIS 232487 at *16 (awarding one-half of the time billed where documentation did not distinguish between claims and work performed on two federal claims and two territorial claims).

"The Court uses the lodestar method of calculation to determine a reasonable amount of attorney's fees; it calculates the lodestar amount by multiplying the number of hours reasonably expended by a reasonable hourly rate." *Allahar,* 2022 U.S. Dist. LEXIS 232487 at *16. "'To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation.'" *Id.* at 15-16

4

(quoting *Staples v. Ruyter Bay Land Partners, LLC,* 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008)).

Traditionally, Virgin Islands courts "'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Williams*, 2017 WL 2543293, at *2; *see also Bank of Nova Scotia v. Davis*, Civil Action No. 2017-41, 2019 WL 7593154, at *2 (D.V.I. Sept. 13, 2019) (acknowledging attorneys' rates generally span from $125 to $300 per hour); *Ditech Financial, LLC v. Felice*, Civil Action No. 2016-94, 2019 WL 4941365, at *3 (D.V.I. Aug. 16, 2019) (awarding attorneys' fees at an hourly rate of $250 for a standard residential mortgage foreclosure case); *Bank of Nova Scotia v. Robinson*, Civil Action No. 2016-0019, 2018 WL 1513269, at *5 (D.V.I. Mar. 13, 2018) (awarding attorneys' fees at a $300 hourly rate in foreclosure proceeding); *Baumann v. Virgin Islands Water & Power Auth.*, 2016 WL 1703312, at *2 (D.V.I. Apr. 27, 2016) (awarding $300 per hour for a partner and $250 per hour for an associate). Across the years, however, hourly rates of up to $350.00—or higher depending on the experience level of the attorney and the complexity of the case—have been found to be reasonable rates charged in the Virgin Islands. *See, e.g.*, *Herishetapaheru v. Firstbank Puerto Rico*, Civil Action No. 2016-0057, 2022 WL 991327, at *3 (D.V.I. Mar. 31, 2022) (allowing $325.00 per hour and $250.00 per hour in attorneys' fees based on the attorney's level of experience); *Equivest St. Thomas, Inc. v. Gov't of the Virgin Islands,* No. 01-CV-00155, 2004 WL 3037953, at *8 (D.V.I. Dec. 31, 2004) (concluding that rate of $403.75 per hour was reasonable rate for senior partner and noting that the rate was justified by the expertise of the attorney and "unusual complexity of the litigation"); *High Times VI Enterprises, LLC v. Rahhal*, 74 V.I. 304, 310 (V.I. Super. Ct. Apr. 14, 2021) ("The Court finds that Plaintiff's counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys charge in the U.S. Virgin Islands."); *Chapa v. Sepe*, No. 12-cv-504, 2013 WL 8609242, at *2 (V.I. Super. Ct. June

3, 2013) (concluding that rate of $395 per hour is "at the high end of the customary and prevailing market rates" charged by experienced attorneys in the Virgin Islands).

### III. DISCUSSION

#### A. Hours Reasonably Expended

In order to arrive at the number of compensable hours reasonably expended in this matter, certain adjustments must be made to the hours proposed by Defendant.

First, Defendant includes, without explanation, twenty-three time entries—from January 12, 2020 to August 22, 2020—that pre-date Plaintiff's filing of the Complaint in this action. (Dkt. No. 32-1 at 2-3). Defendant's Motion does not explain how or why those time entries, which total 16.6 hours, relate to its defense of this action. Those entries will therefore be excluded.

Second, the hours expended must be allocated between time spent defending against Plaintiff's federal claims and time spent defending against Plaintiff's territorial claims. *Fair Wind Sailing, Inc.*, 764 F.3d at 312-313. In view of the fact that two-thirds of the claims in this action were territorial claims, the Court will adjust Defendant's recoverable time to two-thirds of the time spent on the entire action. *Allahar*, 2022 U.S. Dist. LEXIS 232487 at *16.

After excluding the 16.6 hours Defendant billed prior to the filing of the Complaint, the billing records reveal that Lockwood spent 19.5 hours, Kronenberger spent 6.9 hours, and Brumant spent 9.7 hours on this case. With the two-third adjustment to account for time spent only on Plaintiff's territorial claims, the Court calculates that Lockwood spent 13 hours, Kronenberger spent 4.6 hours, and Brumant spent 6.5 hours defending the territorial claims in this action.

#### B. Reasonable Hourly Rate

As stated earlier, Defendant does not provide any descriptions of the roles, positions, or experience of Kronenberger and Brumant, nor does Defendant offer any explanation for Kronenberger and Brumant's billing rates. The Lockwood Declaration additionally notes that "the

subject matter of this action is not complex or novel." (Dkt. No. 32-2 at 2).

Given the simplicity of the case—which was never arbitrated or litigated on the merits and was dismissed for failure to prosecute—the customary ranges of fees in this jurisdiction, and Defendant's failure to supply the Court with any credentials for Kronenberger and Brumant, the Court finds that reasonable rates for this case are $300 per hour for Lockwood and $200 per hour for Kronenberger. S*ee Allahar*, 2022 U.S. Dist. LEXIS 231787 at *4 (the Court "appropriately reduced [the reasonable rate] to $200 [per] hour for all three attorneys given the simplicity of the case").

Further, it is unclear from Defendant's submission whether Brumant is an attorney or a paralegal. It is, of course, the obligation of the party seeking attorneys' fees to provide the Court with sufficient information and documentation to assess its fee petition. *Microstrategy Inc. v. Crystal Decisions, Inc.*, 555 F. Supp. 2d 475, 483 (D. Del. Mar. 25, 2008) ("sufficient evidence to determine a reasonable attorney fee, [includes] . . . the attorney's particular skills and experience."). Defendant fails to provide adequate information for Brumant. Nonetheless, Brumant's billing rate of $160 per hour, particularly when compared to Dudley Newman Feuerzeig LLP's claimed retained hourly rate of $450 per hour, suggests that Brumant was serving as a paralegal. *Compare* (Dkt. No. 32-2 at 2) and (Dkt. No. 32-1 at 2). A similar conclusion can be drawn from some of Brumant's task descriptions. *See e.g.*, (Dkt. No. 32-1 at 3) (listing an entry for March 26, 2021 with a description of "[c]alendered deadline to Answer Complaint" and an entry for April 14, 2021 with a description of "scheduled conference [c]all for April 15, 2021"). The Court will therefore treat Brumant as a paralegal for purposes of this fee application.

Paralegal fees are not ordinarily recoverable under Title 5, Section 541. *See Newrez LLC v. Plaskett*, 2023 U.S. Dist. LEXIS 176250, at *27 n.22 (D.V.I. Sept. 30, 2023) ("there are inconsistent opinions in both the District Court and the Superior Court on this issue, but the

7

prevailing view in the Superior Court still appears to disallow these costs, considering them instead as overhead"); *Bobax Ventures, LP v. Inner Circle Logistics, Inc.*, 75 V.I. 214, 224 (V.I. Super. Jan. 25, 2022) (denying plaintiff's request for paralegal fees and noting that 5 V.I.C. § 541 does not include such fees in the list of costs that may be allowed); *LLP Mortg., Inc. v. Club Comanche, Inc.*, 2020 U.S. Dist. LEXIS 144874, at *27-28 (D.V.I. Aug. 12, 2020) ("under 5 V.I.C. § 541, the prevailing view is that paralegal fees are not recoverable but instead constitute overhead costs for law firms"); *Roy*, 2018 WL 6721399, at *3 (V.I. Super. Dec. 14, 2018) (collecting cases). Accordingly, the Court will not award any fees for the time billed by Brumant.

### C. Lodestar

The Court applies the Lodestar formula to Defendant's Motion. *Allahar*, 2022 U.S. Dist. LEXIS 232487 at *16. At the reasonable hourly rates the Court found applicable to this case, Defendant will be awarded $4,820[2] in attorneys' fees for the time spent defending against Plaintiff's territorial claims in this matter. While Defendant also seeks compensation for four additional hours of work that it anticipates will be needed in this matter (Dkt. No. 32-2 at 2), "the Court does not award anticipatory requests for attorneys' fees." *Ditech Fin., LLC v. Mullen*, 2023 U.S. Dist. LEXIS 117421, at *12 (D.V.I. July 10, 2023). Fees are awarded only after they are incurred, in response to a properly supported application.

### IV. CONCLUSION

In view of the foregoing, the Court will grant in part Defendant's "Motion for Costs and Attorney's Fees" (Dkt. No. 32) and will award Defendant, as a prevailing party under Title 5,

---

[2] The total award of $4,820 consists of Lockwood's 13 hours reasonably billed on this matter at $300 per hour, resulting in $3,900, and Kronenberger's 4.6 hours reasonably billed on this matter at $200 per hour, resulting in $920.

Section 541 of the Virgin Islands Code, $4,820 in attorneys' fees for time spent defending against Plaintiff's territorial claims in this action.

    An appropriate Order accompanies this Memorandum Opinion.

Date: January 10, 2024                                                      _____/s/_____
                                                                                          WILMA A. LEWIS
                                                                                          District Judge